REEVES (UNITED STATES v.). See Case No. 16,139.

———

## Case No. 11,663.

REEVES v. VINACKE et al.

[1 McCrary (1881) 213.] [1]

Circuit Court, D. Minnesota.

MORTGAGE—MISTAKE IN DESCRIPTION—CORRECTION BY DECREE—NOTICE—RECITALS IN TITLE DEEDS—STATUTE OF LIMITATIONS.

1. A court of equity will correct a mistake in a conveyance, and make the instrument conform to the intention of the parties, when that is made to appear, but such reformation will not be allowed to prejudice the rights of bona fide and innocent purchasers.

2. Where V. purchased a tract of land upon which his grantor had given a mortgage by a fatally defective description, and assumed to pay the mortgage, stipulating that the premises

[1] [Reported by Hon. George W. McCrary, Circuit Judge.]

he purchased were the same on which the mortgage rested, held that he was estopped to claim as an innocent purchaser.

3. A purchaser of land is bound to take notice of the recitals in the deeds of conveyance through which he derives title.

4. An action to reform and foreclose a mortgage may be brought within ten years, under that clause of the statute of Minnesota which declares that "every action to foreclose a mortgage upon real estate shall be commenced within ten years after the cause of action accrues."

This suit [by Mark E. Reeves against Thomas Vinacke and others] is brought to foreclose a mortgage executed June 25, 1868, by C. B. Jordan, and to correct a description of the property in the same. The facts are these: On the above date, C. B. Jordan, to secure a note given R. Morrison for the benefit of the firm of Messrs. Bohrer, Morrison & Reeves, merchants in this city, agreed to execute a mortgage upon a tract of land then owned by him in the county of Renville in this district, described as follows: "Commencing at the southeast corner of the southwest quarter of section 12, town 117, range 31 west, running thence north 15 rods, thence west 5 rods, thence south 15 rods, thence east to the place of beginning, containing one and one-half acres," and for that purpose did execute and deliver to Morrison, a member of the firm, a mortgage intended to embrace an undivided one-half of this land, which instrument was duly recorded April 25, 1870. Soon thereafter and before the note was due, for value, the firm sold and assigned the note and mortgage to the complainant, who, in May, 1870, after the maturity of the note, proceeded to foreclose the mortgage in the state court, when for the first time it was discovered there was a mistake in the description of the property. The words "of the southwest quarter," fixing the starting point in the description, had been omitted, and it read "at the southeast corner of section twelve," etc., instead of "at the southeast corner of the southwest quarter of section twelve." This was not the property intended to be mortgaged and was not owned by said Jordan, and the complainant dismissed his suit without prejudice. In the meantime, Jordan, on January 1, 1869, sold and conveyed the property by warranty deed to the defendant Vinacke, and in this deed inserted the following recital: "It is understood between the parties that the above described premises are the same that C. B. Jordan mortgaged to Robert Morrison to secure his note to Bohrer, Morrison & Reeves, which mortgage said Vinacke agrees to pay." Vinacke conveyed the same to defendant Kennedy by warranty deed, who took the conveyance with full notice of the mortgage. The defendants, Geo. F. Jewett and Horace A. Jewett, derive their title under and through the deeds from Jordan to Vinacke and from Vinacke to Kennedy, but took their title without actual notice of said mortgage.

Gilman, Clough & Lane, for complainant.
Geo. L. & Chas. E. Otis, for defendants.

Before DILLON, Circuit Judge, and NELSON, District Judge.

NELSON, District Judge. The evidence in this case establishes the fact of a mistake in the mortgage executed by Jordan to Morrison, and a court of equity will, when appealed to, correct such a mistake and reform the instrument so as to express the intent of the parties thereto. This is a fundamental rule of equity jurisprudence, and, the mistake being mutual, the mortgage will be declared a lien upon the property intended as between the parties. If the titles of the Jewetts, as bona fide purchasers, have intervened, a reformation of the mortgage will not be allowed to prejudice their titles. But if their rights were subsequently acquired with notice, actual or constructive, they are subject to Morrison's lien. The delay in bringing suit to correct the mistake, which shows laches on the part of the complainant, is satisfactorily accounted for. The recital in the deed from Jordan to Vinacke is evidence against him; and it being stated that a mortgage had been given, and Vinacke agreed to pay it, such recital is intended as the agreement of the parties and estops them. Vinacke has thus admitted conclusively the lien of the mortgage and assumed a personal liability. It cannot be doubted that the doctrine of privity prevails, and all persons claiming title to the property under and through Vinacke & Kennedy are privies in estate, and can be in no better situation than they are from whom the title is obtained. Jackson v. Carver, 4 Pet. [29 U. S.] 83; Bank of U. S. v. Hatch, 6 Pet. [31 U. S.] 250; 9 Wend. 209; Story, Eq. §§ 152, 165. The defendants, Geo. F. and Horace A. Jewett, on investigation of the title, would necessarily discover the recital that the mortgage was intended to cover the land described in the deed, and at least were required to make inquiry of Jordan or Vinacke or Kennedy. 41 N. H. 560. The registry law of this state does not require a description of the property to be contained in the index book or reception book. Rev. St. Minn. p. 126, §§ 156, 157. The names are indexed, through whom the titles would be traced; and in so doing, the defendants Jewett were required to look beyond the index book and examine the book where the description is recorded, and are charged with knowledge of all facts recited therein. If they failed to do so it was negligence.

The case of Shroyer v. Nickell, 55 Mo. 264, has no application to the one at bar. In that case the deed sought to be reformed was executed by a married woman, jointly seized with her husband, and the court placed the decision upon the statutory regulation specifically pointing out how a married woman could bind herself; and inas-

much as the deed, as executed (according to the statute), did not convey the land intended, a reformation of the instrument was beyond the reach of equitable interposition. The distinction between reforming a deed as to the husband and as to a wife, is clearly stated in the discussion of the case above referred to. 7· Cent. Law J. 183.

It is claimed the cause of action is barred by the statute of limitations, enacting (page 451, tit. 2, c. 66, § 3): "Actions can only be commenced within the periods prescribed by this chapter, after the cause of action accrues, except where in special cases a different limitation is prescribed by statute." Section 6. Within six years. An action upon a contract, etc.

Is this an action upon a contract? The complainant by his bill seeks to foreclose a mortgage, and states therein that, as executed, it did not cover the property intended to be mortgaged by the parties thereto, and asks a correction of the mistake, so as to express the intention of the mortgagor and mortgagee, and make it such as they supposed was executed and delivered. If the instrument to be reformed was an agreement to execute a mortgage, the limitation of six years within which actions on contracts can be commenced, might control. In my view of the case, if any statutory limitation governs, it is that prescribed by section 11 of chapter 66, viz.: "Every action to foreclose a mortgage upon real estate shall be commenced within ten years after the cause of action accrues."

The complainant is entitled to a decree for the relief prayed, and it is so ordered.